UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                Plaintiff,

               -against-

The painting known as "Hannibal"
by the artist Jean-Michel Basquiat, from 1982, an acrylic,
oil stick and paper collage on canvas, mounted on tied
wood, approximately 60 x 60 inches with appraised
value of approximately eight million dollars;

The painting known as "Modern Painting with Yellow
Interweave" by the artist Roy Lichtenstein, an abstract
painting with geometric shapes, including two "half-
rings" filled with yellow, with black outlines, and with a
black vertical strip dividing the painting in two "halves,"
signed on the back, with a value of at least approximately
one million, three hundred thousand dollars;

The painting known as "Figures dans une structure"
[Figures in a structure], by the artist Joaquin Torres-
Garcia, signed in the upper left corner, dated in the upper
right hand corner, and purchased in 2004 for
approximately two hundred thirty thousand dollars;

The painting known as "Composition abstraite" [Abstract
composition] by the artist Serge Poliakoff, painted in
1969, an oil painting on burlap, with abstract geometric
shapes in red, blue, yellow and brown, approximately
162 x 135 centimeters, sold at auction in 2004 for more
than three hundred seventy-eight thousand dollars;

                          Defendant-in-rem.

08 Civ. 1511(RJS)

---

## ANSWER OF CLAIMANT BROADENING-INFO ENTERPRISES, INC. TO AMENDED COMPLAINT

        Claimant Broadening-Info Enterprises, Inc. ("Broadening") by and through its

attorneys, Chadbourne & Parke LLP, as and for its Answer to the Verified Amended Complaint

(the "Complaint") herein, states as follows:

1.      States that the allegations of Paragraph 1 are conclusions of law to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 1 of the Complaint, except admits that plaintiff has purported to assert claims under Title 18, United States Code, Section 545 and Title 19, United States Code, Section 1595a(c) seeking the forfeiture of the painting known as "Hannibal" by Jean-Michel Basquiat; the painting known "Modern Painting with Yellow Interweave" by Roy Lichtenstein; the painting "Figures Dans Une Structure" by Joaquin Torres-Garcia; and the painting "Composition Abstraite" by Serge Poliakoff.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, except admits that plaintiff purports to base jurisdiction on Title 28, United States Code, Sections 1355 and 1395, and contends that venue is proper because the acts and omissions giving rise to the forfeiture allegedly took place in the Southern District of New York.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 5 of the Complaint, except admits that the defendants-in-rem artworks were transported into the United States from overseas.

6.      Paragraph 6 sets forth conclusions of law as to which no response is required.  To the extent response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in Paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.      Repeats and re-alleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 10 hereof with the same force and effect as of set forth at length herein.

12.      Denies each and every allegation contained in Paragraph 12 of the Complaint.

13.      States that the allegations of Paragraph 13 are conclusions of law to which no response is required.

14.      Denies each and every allegation contained in Paragraph 14 of the Complaint.

15.      States that the allegations of Paragraph 15 are conclusions of law to which no response is required.

16.     Denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in Paragraph 17 of the Complaint.

18.     States that the allegations of Paragraph 18 are conclusions of law to which no response is required.

19.     Denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in Paragraph 20 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

21.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

22.     The Complaint fails to comply with the requirements for pleading with particularity set forth in Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

23.     Any conduct of Broadening was non-negligent, non-reckless, and taken in good faith without knowledge or intent to commit fraud, and did not directly or indirectly constitute an unlawful act.

WHEREFORE, claimant Broadening-Info Enterprises, Inc., respectfully requests that the Court: (a) enter judgment in its favor and against plaintiff; (b) award attorneys' fees, disbursements, and costs associated with the defense of this proceeding; and (c) grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

CHADBOURNE & PARKE LLP

BY:    /s Karl H. Buch
        Thomas Butler, Esq. (TB-5598)
        Karl H. Buch, Esq. (KB-5533)
        30 Rockefeller Plaza
        New York, NY 10112
        (212) 408-5100
        (212) 541-5369 (Fax)

Attorneys For Claimant, Broadening-Info Enterprises, Inc.