UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                       Plaintiff,

        -against-

The painting known as "Hannibal" by the artist Jean-Michel Basquiat, from 1982, an acrylic, oil stick and paper collage on canvas, mounted on tied wood, approximately 60 x 60 inches with appraised value of approximately eight million dollars;

The painting known as "Modern Painting with Yellow Interweave" by the artist Roy Lichtenstein, an abstract painting with geometric shapes, including two "half-rings" filled with yellow, with black outlines, and with a black vertical strip dividing the painting in two "halves," signed on the back, with a value of at least approximately one million, three hundred thousand dollars;

The painting known as "Figures dans une structure" [Figures in a structure], by the artist Joaquin Torres-Garcia, signed in the upper left corner, dated in the upper right hand corner, and purchased in 2004 for approximately two hundred thirty thousand dollars;

The painting known as "Composition abstraite" [Abstract composition] by the artist Serge Poliakoff, painted in 1969, an oil painting on burlap, with abstract geometric shapes in red, blue, yellow and brown, approximately 162 x 135 centimeters, sold at auction in 2004 for more than three hundred seventy-eight thousand dollars;

The sculpture known as "*Roman togatus*" by an unidentified artist, a masculine figure wearing a toga, on a circular base, without head or hand, with appraised value of approximately one hundred thousand dollars;

                       Defendants-in-rem.

08 Civ. 1511(RJS)

**JURY TRIAL DEMANDED**

**ANSWER OF CLAIMANT BROADENING-INFO ENTERPRISES, INC.
TO SECOND AMENDED VERIFIED COMPLAINT**

Claimant Broadening-Info Enterprises, Inc. ("Broadening") by and through its attorneys, Chadbourne & Parke LLP, as and for its Answer to the Second Amended Verified Complaint (the "Complaint") herein, states as follows:

1. States that the allegations of Paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 1 of the Complaint, except admits that plaintiff has purported to assert claims under Title 18, United States Code, Sections 981 and 545, and Title 19, United States Code, Section 1595a(c), seeking the forfeiture of the painting known as "Hannibal" by Jean-Michel Basquiat; the painting known "Modern Painting with Yellow Interweave" by Roy Lichtenstein; the painting "Figures dans une structure" by Joaquin Torres-Garcia; the painting "Composition abstraite" by Serge Poliakoff; and the sculpture "Roman togatus" by unknown author.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, except admits that plaintiff purports to base jurisdiction on Title 28, United States Code, Sections 1355 and 1395, and contends that venue is proper because the acts and omissions giving rise to the forfeiture allegedly took place in the Southern District of New York.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

      6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

      7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

      8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 8 of the Complaint, except admits that the defendants-in-rem artworks were transported into the United States from overseas.

      9.      Paragraph 9 sets forth conclusions of law as to which no response is required.  To the extent response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

      10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

      11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

      12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

      13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

      14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Repeats and re-alleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 17 hereof with the same force and effect as of set forth at length herein.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint.

20. States that the allegations of Paragraph 20 are conclusions of law to which no response is required.

21. Denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Repeats and re-alleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 21 hereof with the same force and effect as of set forth at length herein.

23. Denies each and every allegation contained in Paragraph 23 of the Complaint.

24. States that the allegations of Paragraph 24 are conclusions of law to which no response is required.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Repeats and re-alleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 25 hereof with the same force and effect as of set forth at length herein.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Repeats and re-alleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 27 hereof with the same force and effect as of set forth at length herein.

29. States that the allegations of Paragraph 29 are conclusions of law to which no response is required.

30. States that the allegations of Paragraph 30 are conclusions of law to which no response is required.

31. States that the allegations of Paragraph 31 are conclusions of law to which no response is required.

32. States that the allegations of Paragraph 32 are conclusions of law to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

34. The Complaint fails to comply with the requirements for pleading with particularity set forth in Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

35. Any conduct of Broadening was non-negligent, non-reckless, and taken in good faith without knowledge or intent to commit fraud, and did not directly or indirectly constitute an unlawful act.

WHEREFORE, claimant Broadening-Info Enterprises, Inc., respectfully requests that the Court: (a) enter judgment in its favor and against plaintiff; (b) award attorneys' fees, disbursements, and costs associated with the defense of this proceeding; and (c) grant such other and further relief as the Court deems just and proper. Furthermore, defendant Broadening-Info Enterprises, Inc. respectfully requests trial by jury.

Respectfully Submitted,

CHADBOURNE & PARKE LLP

BY: /s Karl H. Buch
Thomas E. Butler, Esq. (TB-5598)
Karl H. Buch, Esq. (KB-5533)
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100
(212) 541-5369 (Fax)

Attorneys For Claimant, Broadening-Info Enterprises, Inc.