IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

The Painting Known as "Hannibal," by
Jean-Michel Basquiat, et. al.,

    Defendants-in-rem.
_____/

CASE NO. 08 CV 1511 (RJS)

JURY TRIAL DEMANDED

## ANSWER AND AFFIRMATIVE DEFENSE OF CLAIMANT VÂNIO CESAR PICKLER AGUIAR, AS TRUSTEE FOR THE ESTATE OF BANCO SANTOS, TO SECOND AMENDED VERIFIED COMPLAINT

Claimant, Vânio Cesar Pickler Aguiar, as Trustee for the Estate of Banco Santos, S.A. ("Trustee"), by and through his attorneys, Ferrell Law, P.A., submits the following Answer to the Second Amended Verified Complaint (the "Complaint").

1.    The Trustee states that the allegations of Paragraph 1 are conclusions of law to which no response is required except the Trustee admits that the Complaint seeks to allege claims under Title 18, United States Code, Sections 981(a)(1)(C), and Title 19, United States Code, Sections 545 and 1595a(c), attempting to forfeit the painting known as "Hannibal" by Jean-Michael Basquia, the painting known as "Modern Painting with Yellow Interweave" by Roy Lichtenstein, the painting known as "Figures dans une structure" by Joaquin Torres-Garcia, the painting known as "Composition abstraite" by Serge Poliakoff, and the sculpture known as "Roman togatus" by an unidentified artist (collectively, the "Defendant-in-rem Artworks").

2.    The Trustee states that the allegations of Paragraph 2 are conclusions of law to which no response is required except the Trustee admits that the Complaint seeks

to base jurisdiction on Title 28, United States Code, Sections 1355 and 1395, and asserts that venue is proper because the acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, including the allegations in Paragraphs 8a, 8b, and 8c.

9. The Trustee states that the allegations of Paragraph 9, including the allegations in Paragraphs 9a, 9b, 9c, 9d, 9e, and 9f, are conclusions of law to which no response is required.

10. The Trustee admits that Defendant-in-rem Artworks are all valued well over $2,000, that the values listed in the Cid Databank for the Defendants-in-rem Lichtenstein, Poliakoss and Torres-Garcia are each in the hundreds of thousands of dollars, that the Cid Databank valued the Basquiat at $825,000, and that the Cid Collection purchased the Defendant-in-rem *Togatus* for 650,000 Euros and the Cid Databank valued the statue at $772,960; however, the Trustee states that the allegations that the Defendant-in-rem Artworks "each required formal entry" and that "[a]ll of the Defendant-in-rem Artworks were therefore subject to formal entry requirements set forth in the Customs laws" are conclusion of law to which no response is required and that the Trustee is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. The Trustee states that the allegations in the first sentence of Paragraph 11 are conclusions of law to which no response is required. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, including the allegations set forth in Paragraph 11a, 11b, and 11c.

12. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, including the allegations set forth in Paragraphs 14a, 14b, 14c, and 14d.

15. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, including the allegations set forth in Paragraphs 15a, 15b, and 15c.

16. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. The Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. The Trustee repeats and realleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in

Paragraphs 1 through 17 hereof with the same force and effect as if set forth at length herein.

19. The Trustee states that the allegations of Paragraph 19 are conclusions of law to which no response is required.

20. The Trustee states that the allegations of Paragraph 20 are conclusions of law to which no response is required.

21. The Trustee states that the allegations of Paragraph 21 are conclusions of law to which no response is required.

22. The Trustee repeats and realleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 21 hereof with the same force and effect as if set forth at length herein.

23. The Trustee states that the allegations of Paragraph 23 are conclusions of law to which no response is required.

24. The Trustee states that the allegations of Paragraph 24 are conclusions of law to which no response is required.

25. The Trustee states that the allegations of Paragraph 25 are conclusions of law to which no response is required.

26. The Trustee repeats and realleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 25 hereof with the same force and effect as if set forth at length herein.

27. The Trustee states that the allegations of Paragraph 27 are conclusions of law to which no response is required.

28. The Trustee repeats and realleges each and every admission, denial and allegation made in response to those paragraphs of the Complaint referred to in Paragraphs 1 through 27 hereof with the same force and effect as if set forth at length herein.

29. The Trustee states that the allegations of Paragraph 29 are conclusions of law to which no response is required.

30. The Trustee states that the allegations of Paragraph 30 are conclusions of law to which no response is required.

31. The Trustee states that the allegations of Paragraph 31 are conclusions of law to which no response is required.

32. The Trustee states that the allegations of Paragraph 32 are conclusions of law to which no response is required.

## **AFFIRMATIVE DEFENSE**

The Trustee, either directly or as the beneficiary of a constructive trust, is the innocent owner of the Defendant-in-rem Artworks pursuant to Title 18, United States Code, Section 983(d), whose property interest in the Defendant-in-rem Artworks was in existence at the time the alleged illegal conduct giving rise to this forfeiture took place, and who did not know of that conduct at the time and/or who, upon learning of that conduct, did all that reasonably could be expected to terminate such use of the property.

WHEREFORE, Claimant, Vânio Cesar Pickler Aguiar, as Trustee for the Estate of Banco Santos, S.A., respectfully requests that the Court; (a) enter judgment in his favor

against plaintiff; (b) transfer the Defendant-in-rem Artwork to him for the benefit of the Estate of Banco Santos, S.A.; and (c) grant such other relief as the Court deems just and proper. In addition, the Trustee respectfully requests trial by jury.

                              Respectfully Submitted,

Ferrell Law, P.A.
34th Floor, Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
jetra@ferrellworldwide.com
Telephone: 305-371-8585
Facsimile: 305-371-5732

By: s/ Jonathan Etra
     Jonathan Etra

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via transmission of notice of electronic filing generated by CM/ECF on this 11th day of February, 2009, upon: Sharon E. Frase, U.S. Attorney's Office, SDNY (St Andw's), One St. Andrew's Plaza, New York, NY 10007; Karl Harold Buch and Thomas Edward Butler, Chadbourne & Parke LLP (NY), 30 Rockefeller Plaza, New York, NY 10112; Daniel James Horwitz, Christopher Thomas Leonardo and Jeffery Patrick Becherer, Dickstein Shapiro LLP (NY), 1177 Avenue of Americas, New York, NY 10036.

By: s/ Jonathan Etra
     Jonathan Etra