```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-v-

THE PAINTING KNOWN AS "HANNIBAL," *et al.*,

                Defendants-in-rem.

No. 08 Civ. 1511 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

As stated on the record, IT IS HEREBY ORDERED that the Government shall file its motion for summary judgment against Claimant Broadening-Info Enterprises, Inc. by February 8, 2010, that Claimant Broadening-Info Enterprises, Inc. shall file its opposition by March 8, 2010, that the Government shall file its reply by March 19, 2010, and that the Government may file a motion seeking judgment against all claimants who could have filed claims against the Defendant artworks, but did not, at its discretion.

As the parties prepare their briefs and continue settlement discussions, they may wish to consider the transcript of oral argument in *United States v. The Painting Known as "Le Marche,"* No. 06 Civ. 12994 (RJS), June 17, 2009, at 33:15-38:15, in which the Court concluded as a matter of law that an innocent owner defense does not apply to forfeiture claims brought under 19 U.S.C. § 1595a(c). The relevant section of the transcript is attached to this Order.

Dated:      December 8, 2009
             New York, New York

                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE

```
96h1usac
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4              Plaintiff,

5        v.                                06-CV-12994 (RJS)

6  THE PAINTING KNOWN AS "LE
   MARCHE,"
7
               Defendant.                  Oral Argument
8  ------------------------------x
9                                          New York, N.Y.
                                           June 17, 2009
10                                         11:06 a.m.

11 Before:

12                HON. RICHARD J. SULLIVAN,

13                                         District Judge

14                      APPEARANCES

15 UNITED STATES ATTORNEY'S OFFICE
   SOUTHERN DISTRICT OF NEW YORK
16      For Plaintiff
   BY:  SHARON E. FRASE, AUSA
17
   BARBARA T. HOFFMAN, ESQ.
18      Attorney for Defendant/Claimant

1    know, right?

2           MS. FRASE:  That's correct, your Honor.

3           THE COURT:  Okay.  All right.  Look, I'll give you an
4    opportunity to brief that issue that you raised, but it did
5    seem to me, on the basis of the record, that I'm persuaded that
6    the claimant here was a bona fide purchaser or seller for value
7    and that would be entitled for summary judgment on the CAFRA
8    claim.  I'll reserve to give you an opportunity to address the
9    points that we've spent some time talking about.  Ms. Hoffman,
10   if you want, you can obviously have time to respond.  But my
11   inclination is, on this record, that it's been sufficiently
12   demonstrated and the claimant has met both of the elements
13   under 983(d)(3)(A).  But I'll reserve until I get what you
14   have, Ms. Frase.

15          Now the next issue is the Customs statute.  And
16   Ms. Hoffman has argued that the innocent owner defense applies
17   to the Customs statute as well.  I'm not persuaded of that.  It
18   seems to me that the statute is pretty clear.  As noted a
19   moment ago, the innocent owner defense is covered by
20   § 983(d)(1) of CAFRA, which provides that an innocent owner's
21   interest in property shall not be forfeited under any civil
22   forfeiture statute.  983(i)(1) of CAFRA specifically limits the
23   definition of the term civil forfeiture statute and provides
24   that, "In this section the term civil forfeiture statute does
25   not include the Tariff Act of 1930 or any other provision of

```
 1    law codified in Title 19."  The Customs statute is clearly
 2    codified in Title 19 and specifically in Title 19 § 1595a(c).
 3    The caselaw seems to acknowledge as much.  There's the case I
 4    mentioned before from the Southern District, United States v.
 5    An Antique Platter of Gold, 991 F.Supp. at 232, which provides,
 6    "Section 1595a(c) does not provide for an innocent owner
 7    defense."  There's a Southern District of Florida case which
 8    reaches the same conclusion.  And I'll cite it, just given the
 9    length of time.  United States v. One Lucite Ball Containing
10    Lunar Material, 252 F.Supp.2d 1367 at 1378.
11              So Ms. Hoffman, do you want to be heard on this?
12              MS. HOFFMAN:  Yes, I do, actually.  Can I --
13              THE COURT:  I'll hear you out, but I think I'm pretty
14    solid on this one.
15              MS. HOFFMAN:  Your Honor, I may have caused some of
16    the confusion myself and my arguments really are directed to
17    the -- what you called the Customs carveout, which includes
18    both the burden of proof, which also says any civil forfeiture
19    statute under CAFRA, and the innocent owner defense, which also
20    says any civil forfeiture statute.  And I looked at all the
21    cases, particularly -- and I apologize, but in my first
22    memoranda, I seemed to agree with the government's position,
23    and I was troubled by this case, as you say, the One Lucite
24    Ball case, which was under 1595a, and --
25              THE COURT:  Well, there was a Southern District case
```

1   as well, the *Antique Platter of Gold*.

2         MS. HOFFMAN:  Well, the *Antique Platter of Gold* is
3   easily distinguishable in the sense that it's a preCAFRA case.
4   I mean, it applies -- the *Antique Platter of Gold* case was like
5   19 -- I think it's 1996, '98.  Anyway, it's preCAFRA.  So it's
6   not -- I mean, it's not directly relevant to this analysis.
7   But I wanted to look at -- I mean, the statute says what it
8   says about Title 30, and so I --

9         THE COURT:  Title 19.

10        MS. HOFFMAN:  Well -- I'm sorry, Title 19.  And I
11  looked first at this lucite ball, lucite box case, and it's
12  distinguishable in several ways from this particular case.
13  Under 1595, which has to be read together with 1016, which
14  established the original burden of proof, the -- you have to
15  show one of the reasons for forfeiture, and in that case, as
16  well as our case, the basis was that the item was stolen.

17        The second thing in order to proceed under the Customs
18  forfeiture statute is that it has to be contrary to law.  The
19  government could not have proceeded in our case simply on the
20  basis of the Customs statute, as in the *Lunar Material* case.
21  In the *Lunar Material* case, the Court in Florida went to great
22  lengths to analyze the law of -- what was it, Honduras, and
23  came to the conclusion that the lunar material could not have
24  been acquired by prescription.  Therefore, it was stolen, and
25  it remained stolen at the time of the trial.  But as I'm sure

1  you're aware, it's a fundamental principle of international law
2  that one country doesn't enforce the criminal laws of another
3  country.  So the fact that something is stolen in another
4  country doesn't mean it's stolen here.  We look to the property
5  interest of that country to see whether or not there's an
6  ownership interest, and if there's an ownership interest, as
7  Ms. Frase correctly says, we look to see whether, under our
8  law, that constitutes theft and it's stolen.
9           But there's a second aspect of 1595a, and that second
10 aspect of 1595a is that it has to be contrary to law, our law.
11          THE COURT:  I think you're getting ahead of me.  I
12 mean, I think you're --
13          MS. HOFFMAN:  No, no, but what I'm saying is this, is
14 that under the National Stolen Property --
15          THE COURT:  I'm not there yet.  I'm focused right now
16 on what I think was your argument for summary judgment based on
17 an innocent owner defense.
18          MS. HOFFMAN:  Yes.  And what I'm saying is that -- is
19 that because the law which constitutes stolen under the Customs
20 violation is the National Stolen Property Act, as opposed to a
21 Customs statute that CAFRA applies, and what Congress intended
22 was for 1615 to be modified to adjust to CAFRA's provisions.
23          THE COURT:  So CAFRA doesn't mean what it says, it
24 means something else.  What it says --
25          MS. HOFFMAN:  No.

96h1usac

1        THE COURT:  What it said about Title 19, it didn't
2   really mean that.
3        MS. HOFFMAN:  That's exactly right.
4        THE COURT:  All right.  That's a good argument, but
5   I'm not going to agree with that.
6        MS. HOFFMAN:  Because otherwise you'd have an
7   anomalous result where basically you can have the National
8   Stolen Property Act, which is the predicate for the Customs
9   violation, and have the government have a lower burden of proof
10  and deny the innocent owner defense at the same time that you
11  have a conflicting result, and there's authority to suggest
12  that once CAFRA applies in a case that it applies for all the
13  claims in the case consistent with the underlying claims.  So
14  for example, if the government had brought a case that was a
15  1595a case without alleging the National Stolen Property Act as
16  the predicate offense, then there's no problem at all with the
17  analysis saying that it doesn't apply, that CAFRA doesn't apply
18  to that claim.
19       And may I point out that in *Portrait of Wally*, which
20  was brought under 1595a and the National Stolen Property Act,
21  Judge Mukasey never questioned that CAFRA would apply because
22  of the nature of the law.  He only said that CAFRA -- would
23  only argue that CAFRA didn't apply because of the fact that it
24  didn't apply retroactively.  He never considered the question
25  that it didn't apply because it was a Customs law.  So what I'm

96h1usac

1   saying is that I think that there's authority, there's
2   scholarly treatment, Moore's Practice, which indicates, and
3   cases actually decided post -- under the Customs law, which
4   struggled to integrate the CAFRA provisions with those
5   provisions of the Customs law that are not based solely on the
6   Customs law.
7           THE COURT:  Okay.  Look, I understand the argument,
8   but I'm going to go by what's in the statute, and I think the
9   statute's language is pretty clear.  I think these are
10  arguments better addressed to Congress than to me.  And there
11  may be something to the policy arguments you're making.  But I
12  think the statute is pretty clear about Title 19 not being
13  included under the term civil forfeiture statute.  So
14  claimant's motion for summary judgment on what we've been
15  calling the Customs statute claim is denied.
16          Now the government has also made a motion for summary
17  judgment on its claim, and here I want to just sort of lay out
18  the analysis of this, as I understand it.  There's a
19  burden-shifting analysis that I think nobody disputes that
20  provides that government's initial burden to establish by
21  probable cause that the property is subject to forfeiture and
22  then the burden shifts to the claimant to establish by a
23  preponderance that the painting is not subject to civil
24  forfeiture.  And this the Second Circuit case that I've cited,
25  or am citing is *United States v. Parcel of Property*, 337 F.3d