UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,  :  08 Civ. 1511 (RJS)(HBP)

        Plaintiff,  :

        - v. -  :

THE PAINTING KNOWN AS HANNIBAL,  :
BY THE ARTIST JEAN MICHELE BASQUIAT,
ET AL.,  :

        Defendant-*in-rem.*  :

------------------------------------------------------------x

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF UNITED STATES OF AMERICA

PREET BHARARA
*United States Attorney for the*
*Southern District of New York*

*Attorney for the United States of America*

Jason P. Hernandez
*Assistant United States Attorney*
    *Of Counsel*

## PRELIMINARY STATEMENT

Plaintiff the United States of America respectfully submits this supplemental memorandum of law in support of the Government's motion for summary judgment. The Court should find that the defendants-*in-rem* were smuggled or clandestinely introduced into the United States in violation of law.

## RELEVANT PROCEDURAL HISTORY

On May 18, 2010, this Court issued an Opinion and Order granting the Plaintiff summary judgment against a painting named "Hannibal" by the artist Jean-Michel Basquiat and a sculpture named "*Roman togatus*" ("Togatus"). Broadening-Info Enterprises, Inc. ("Broadening") appealed this Court's summary judgment order to the Second Circuit Court of Appeals. On February 17, 2012, the Second Circuit issued a summary order affirming this Court's summary judgment order in part and remanding "for clarification of its decision and for additional findings of fact or conclusions of law as necessary." *United States* v. *Broadening-Info. Enter., Inc.*, No. 10-5204 (2d Cir. Feb 17, 2012). Specifically, the Court of Appeals remanded to permit this Court to clarify whether the defendants-*in-rem* were "stolen, smuggled, or clandestinely imported or introduced" into the United States in violation of 19 U.S.C. § 1595a(c). On April 23, 2012, this Court held a conference to address the Second Circuit's opinion and the Court ordered the parties to submit additional briefing on the question presented on remand.

1

## ARGUMENT

I. **HANNIBAL AND THE TOGATUS WERE SMUGGLED AND CLANDESTINELY IMPORTED INTO THE UNITED STATES WITH FALSE INVOICES**

The undisputed facts establish that Hannibal and the Togatus were smuggled and clandestinely introduced into the United States. There can be no dispute after the Second Circuit's opinion that both pieces were imported by means of materially false statements about the value of each piece. In addition, as this Court has already held, the defendants-*in-rem* were not adequately described on importation documents and the country of origin was misrepresented. The only issue on remand is whether the defendants-*in-rem* were "smuggled" or "clandestinely imported or introduced." 19 U.S.C. § 1595a(c)(1)(A). The applicable case law and the common understanding of those terms supports the logical conclusion that goods that are imported by means of false statements which <u>conceal the nature of the goods being imported</u> are "smuggled" or "clandestinely imported or introduced." "Smuggled" or "clandestinely imported or introduced" are not defined by the statute, but those terms have been unanimously interpreted to include the introduction of goods (legal or illegal) by means of false statements or invoices.

The terms "smuggling" and "clandestinely" have a shared meaning at English common law that modern customs statutes, such as those relied upon in this forfeiture action, have incorporated. *See Keck v. United States*, 172 U.S. 434 (1899) (discussing the common law roots of "smuggling" and "clandestinely"); *United States v. Claybourn*, 180 F. Supp. 448, 451 (S.D. Cal. 1960) (applying the common law meaning to modern customs statutes). Smuggling and clandestinely "refer to the acts of a defendant in surreptitiously and by concealment or fraud avoiding the customs and introducing goods into the United States . . . ." *Claybourn*, 180 F. Supp. at 451. In *Claybourn*, the court held that the purpose of 18 U.S.C. § 545, which prohibits,

2

*inter alia*, the smuggling goods into the United States, "is to prevent the surreptitious, clandestine or fraudulent entry of the goods into the United States."[1]

The Seventh Circuit, relying on *Claybourn*, has adopted an interpretation of "smuggling" and "clandestinely" that is consistent with the common understanding of those terms and that supports Plaintiff's interpretation of those terms. In *United States v. Kurfess*, the defendant failed to declare on customs forms over 175 watches he brought with him from Switzerland, thus rendering his customs declaration false, in violation of 18 U.S.C. § 545. 426 F.2d 1017, 1019 (7th Cir. 1970). Kurfess also lied as to the watches' county of origin. *Id.* The Seventh Circuit explained that "the phrase 'clandestinely introduces' . . . refer[s] to any method of introducing goods into this country surreptitiously by concealment or fraud." *Id.* (citing *Claybourn*, 180 F. Supp. at 451); *see also* Patty Gerstenblith, *Acquisition And Deacquisition Of Museum Collections And The Fiduciary Obligations Of Museums To The Public*, 11 Cardozo J. Int'l & Comp. L. 409, 465 n.164 (2003) ("Smuggling includes the making of material false declarations concerning the goods to be imported."). Thus, Kurfess's act of concealment was both the omission on the customs form and the misrepresentation. Either act is sufficient to constitute smuggling or clandestine introduction because both acts conceal the nature of the goods being imported.

There is also authority from the Second Circuit that acts of concealment are akin smuggling or clandestine importation. In *United States* v. *McKee*, the Second Circuit affirmed the conviction of three defendants charged with a violation of Title 18, United States Code,

---

[1] Sections 545 and 542 of Title 18 share a common purpose, derived from their common heritage – both statutes were based on the Tariff Act of 1930, *see Bordello v. United States*, 766 F.2d 46, 52 (2d Cir. 1985), which can be traced back to the old Revised Statutes, *see Claybourn*,

3

Section 545, the "smuggling statute." 220 F.2d 266 (1955). The relevant portion of that statute was as follows: "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced . . . shall be fined . . . ." *Id.* at 269. In *McKee*, the defendants smuggled a snowmobile from Canada into the United States by failing to report to any Customs station that the defendants were importing the snowmobile into the United States. *Id.* at 267. In another case, a man who failed to declare in an affidavit upon entering the country that he was carrying 218 ½ carats of loose emeralds was found guilty of "smuggling." *United States v. 218 ½ Loose Emeralds*, 153 F. 643, 648 (S.D.N.Y. 1907).

    The defendants-*in-rem* were unlawfully imported by means of material misstatements that concealed the true identity of the goods being imported into the United States. The aforementioned cases demonstrate that the unlawful importation of Hannibal and the Togatus by means of false statements fits comfortably within the meaning of "smuggling" and "clandestine" importation/introduction in Section 1595a(c).

---

180 F. Supp. at 451, which were interpreted by the Supreme Court in *Kreck*.

**CONCLUSION**

For the foregoing reasons, the Court should issue an opinion stating that Hannibal and the Togatus were smuggled and clandestinely introduced into the United States.

Dated: New York, New York
      May 4, 2012

                                  Respectfully submitted,

                                  PREET BHARARA
                                  United States Attorney
                                  for the Southern District of New York
                                  Attorney for Plaintiff
                                  United States of America

By: _____
                                  JASON P. HERNANDEZ
                                  Assistant United States Attorney
                                  One St. Andrew's Plaza
                                  New York, New York 10007
                                  Tel.: (212) 637-1024