UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 08 Civ. 1511 |
| | : | (RJS) (HBP) |
| Plaintiff, | : | |
| - v - | : | |
| | : | |
| The painting known as "*Hannibal*" by the artist Jean-Michel Basquiat, et. al. | : | |
| | : | |
| | : | |
| Defendants-*in-rem*. | : | |
| | : | |

-----------------------------------------------------------------------------x

**CLAIMANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF UNITED STATES OF AMERICA**

LAW OFFICE OF JOSEPH H. LILLY, III
60 EAST 42ND STREET, SUITE 101
NEW YORK, NEW YORK 10165
(212) 687-6523
Attorneys For Claimant Vanio Cesar Aguiar,
as Trustee for the Estate of Banco Santos, S.A.

## TABLE OF AUTHORITIES

**Cases**

*United States v. Boggus*, 411 F.2d 110, 113 (9th Cir. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*U.S. v. Broadening-Info Enterprises, Inc.*, No. 10-5204 (2d Cir. 2012) . . . . . . . . . . . . . 1

*United States v. Claybourn*, 180 F.Supp. 448, 451 (S.D.Cal.1960) . . . . . . . . . . . . . . . . . 2

*United States v Davis*, 648 F.3d 84 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Kurfess*, 426 F.2d 1017 (7th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . .2

*United States v Mehrmanesh*, 689 F2d 822, 833 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . 2

*United States v. One Studebaker Roadster*, 40 F.2d 557 (D. Tennessee 1930) . . . . . . . .2

*United States v Painting known as Hannibal*, 08 CIV. 1511 (RJS),
2010 WL 2102484 (SDNY May 18, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes & Rules**

19 U.S.C. § 1595a(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

## PRELIMINARY STATEMENT

Claimant Vanio Cesar Aguiar, as Trustee for the Estate of Banco Santos, S.A. ("Claimant"), by his attorneys, Law Office of Joseph H. Lilly, III, respectfully submits this Memorandum of Law in support of Plaintiff United States of America's motion for summary judgment. Claimant agrees with Plaintiff United States that this Court should find that the defendants-*in-rem* were smuggled or clandestinely introduced into the United States in violation of 19 U.S.C. § 1595a(c).

## STANDARD OF REVIEW

Under Title 19 of the U.S. Code, § 1615, the burden of proof in forfeiture proceedings where the government has seized property upon a showing of probable cause that the property is forfeitable, such as the instant action, is upon the claimant to prove by a preponderance of the evidence that the property is not forfeitable. *See*, *United States v Davis*, 648 F.3d 84, 92 (2d Cir. 2011).

## ARGUMENT

This action has been remanded to this Court by the Court of Appeals for the Second Circuit for clarification of its Opinion and Order dated May 18, 2010, and determination of the single issue of whether the painting known as "*Hannibal*" and the sculpture known as "*Togatus*" (collectively, the "defendants-*in-rem*") were "stolen, smuggled or clandestinely imported or introduced" into the United States in violation of 19 U.S.C. § 1595a(c), "and for additional findings of fact or conclusions of law as necessary." *U.S. v. Broadening-Info Enterprises, Inc.*, No. 10-5204 (2d Cir. Feb. 17, 2012).

Federal courts have consistently defined the act of "smuggling" as "any method of introducing goods into this country surreptitiously with the intent to avoid and defeat United

1

States customs laws. See *United States v. Kurfess*, 426 F.2d 1017, 1019 (7th Cir. 1970), *cert. denied*, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970); *United States v. Boggus*, 411 F.2d 110, 113 (9th Cir. 1969), *cert. denied*, 396 U.S. 919, 90 S.Ct. 245, 24 L.Ed.2d 198 (1969); *United States v. Claybourn*, 180 F.Supp. 448, 451 (S.D.Cal.1960)." *United States v Mehrmanesh*, 689 F2d 822, 833 (9th Cir. 1982).

Federal courts have also interpreted the phrase "clandestinely introduced" to refer to goods which have been brought into the United States "surreptitiously by concealment or fraud." *US v. Kurfess, supra.*, at 1019, citing *United States v. Claybourn, supra.*, at 451.

This Court has already found that the shipping invoices which accompanied the defendants-*in-rem* into the United States misstated their valuation of the works and failed to identify the works or state their correct country of origin. The shipping invoices stated that the values of both *Hannibal* and the *Togatus* were $100.00 each, a valuation which this Court found to be far less than the actual price paid for them by Claimant Broadening-Info Enterprises, Inc. The evidence accepted by this Court as to the prices paid by Claimant Broadening-Info Enterprises, Inc. for the defendants-*in rem* provides "clear and satisfactory proof touching the true character of the involved commodity." See, *United States v. One Studebaker Roadster*, 40 F.2d 557 (D. Tennessee 1930).

The Court held that the misstatements in the shipping invoices were "material under [18 U.S.C. § 542]" as a consequence of their "dramatic understatement of the values of the Defendants in rem." *United States v Painting known as Hannibal*, 08 CIV. 1511 (RJS), 2010 WL 2102484 (SDNY May 18, 2010), *affd. in part and remanded sub nom. United States v Broadening-Info Enterprises, Inc.*, 462 Fed Appx 93, 2012 WL 516653 (2d Cir. 2012).

2

It appears that the importer of the artworks was motivated to provide U.S. Customs with this materially false value by a desire of the importer that the artworks "would qualify for automatic introduction pursuant to 19 C.F.R. § 128.24(e)." *Id.*

The evidence before this Court shows that the importer of *Hannibal* and the *Togatus* attempted to introduce them into this country under false documentation with the intent of avoiding U.S customs laws requiring, *inter alia*, payment of duty or tax on their importation. The Court should find that these actions of the importer to avoid U.S customs laws constitute smuggling of the artworks in violation of 19 U.S.C. § 1595a(c).

The evidence also shows that the importer of *Hannibal* and the *Togatus* attempted to introduce them into this country surreptitiously by fraudulent statements of their value and by concealing the countries of their origin. The Court should find that these actions of the importer constitute the clandestine importation or introduction of the artworks, also in violation of 19 U.S.C. § 1595a(c).

Claimant Broadening-Info Enterprises, Inc. may not contest the forfeiture of the artworks under any form of an "innocent owner" defense. This Court has held that 19 U.S.C. § 1595a(c), the civil forfeiture statute applicable to this action, "does not contain an innocent owner defense." *Id.*

This Court has already found that the defendants-*in-rem* were unlawfully imported into the United States. The undisputed evidence shows that the importer of the defendants-*in-rem* attempted to conceal their substantial monetary value by means of materially false statements on the shipping invoices submitted to the U.S. Customs Service at the time of importation.

3

CONCLUSION

WHEREFORE, Claimant respectfully requests that the Court find that the defendants-*in-rem* were smuggled or clandestinely imported or introduced into the United States in violation of 19 U.S.C. § 1595a(c).

Dated: New York, New York
June 4, 2012

LAW OFFICE OF JOSEPH H. LILLY, III

By: _____
Joseph H. Lilly, III
JL 6560
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 687-6523
Attorneys for Claimant
Vanio Cesar Aguiar, as
Trustee for the Estate of Banco
Santos, S.A.
