UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 08 Civ. 1511 (RJS)(HBP) |
| Plaintiff, | : |  |
| - v. - | : |  |
| THE PAINTING KNOWN AS HANNIBAL, BY THE ARTIST JEAN MICHELE BASQUIAT, ET AL., | : |  |
|  | : |  |
| Defendant-*in-rem*. | : |  |

------------------------------------------------------------------x

# SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF UNITED STATES OF AMERICA

                         PREET BHARARA
                         *United States Attorney for the*
                         *Southern District of New York*

                         *Attorney for the United States of America*

Jason P. Hernandez
*Assistant United States Attorney*
    *Of Counsel*

## INTRODUCTION

Plaintiff the United States of America respectfully submits this supplemental reply memorandum of law in support of Plaintiff's motion for summary judgment. Broadening argues that the Government has not shown that Broadening, or its principal, acted with the requisite mental state to permit the forfeiture of Hannibal and the Togatus. This argument is a straw man erected by Broadening. The claimant's mental state is irrelevant in this forfeiture action. This forfeiture action is governed by a U.S. Customs statute that imposes strict liability. The innocence of the owner and his mental state play no role in the forfeiture. Furthermore, the relevant case law acknowledges that the terms "smuggling" and "clandestinely introduced" are broad enough to incorporate the introduction of goods into the country by means of false statements.

## ARGUMENT

Broadening argues that summary judgment should be denied because the Government has not shown that Hannibal and the Togatus were intentionally smuggled or clandestinely introduced. (Broadening Supp. Mem. Of Law at 15). Broadening claims that smuggling and clandestine importation have an intent element that the Government has not satisfied. (Id.). This argument is a straw man because the claimant's intent is not an element that the Government must prove to prevail on summary judgment.

The Government has moved for summary judgment based upon a violation of the Customs laws. It is now the law of the case that the innocent owner defense does not apply here and Broadening cannot rely upon it. The Government is not required to show that Broadening or its principal acted with bad intent. "Civil forfeiture is an in rem proceeding. The property is the

1

defendant in the case . . . . The innocence of the owner is irrelevant-it is enough that the property was involved in a violation to which forfeiture attaches." United States v. Sandini, 816 F.2d 869, 872 (3d Cir. 1987); see also United States v. Bajakajian, 524 U.S. 321, 330 (1998) ("Historically, the conduct of the property owner [is] irrelevant; indeed the owner of forfeited property could be entirely innocent of any crime."). "[C]ourts have noted in the context of forfeiture proceedings for violations of customs and environmental laws, [that] 'strict liability in . . . forfeiture actions is necessary to effect Congressional intent. To permit an importer to recover the property because he or she lacks culpability would lend support to the continued commercial traffic of the forbidden [item].'" United States v. Approximately 1,170 Carats of Rough Diamonds Seized at John F. Kennedy Intern. Airport on January 13, 2004, No. 05 Civ. 5816, 2008 WL 2884387, at *9 (E.D.N.Y. July 23, 2008) (quoting United States v. 1,000 Raw Skins of Caiman Crocodilus Yacare, No. 88-CV-3476, 1991 WL 41774 at *4 (E.D.N.Y. Mar. 14, 1991)); see also United States v. 164 Pieces of Jewelry, 785 F. Supp. 885, 888 (D. Or. 1991) (holding that failure to declare jewelry, either inadvertently or by mistake, was not a defense to the forfeiture).

The precise argument made by Broadening was recently rejected in a civil forfeiture involving aircraft parts. In that case, the claimant argued, just as Broadening does here, that the Government had not established that the smuggled parts were knowingly or willfully smuggled into the United States. The Court summarily rejected that argument because the claimant's intent was irrelevant:

> The court notes that 18 U.S.C. §§ 542 and 545, the statutes on which the United States relies for its alternative forfeiture theory pursuant to section 1595a(c)(1)(a), appear to require that the individual alleged to have introduced merchandise into the United States in violation of the statutes possess a particular state of mind or level of intent. See § 542 (prohibiting the introduction of merchandise by means of false statements "without reasonable cause to believe the truth of the

2

statement") and § 545 ("Whoever knowingly and willfully, with intent to defraud the United States, smuggles ..."). Based on this, Dixie Equipment argues that material facts are in dispute as to whether it acted with the requisite intent, such to preclude summary judgment on the United States' alternative theories of forfeiture under sections 1595a(c)(1)(a) and 1595a(a). However, the many cases holding that there is no innocent owner defense to forfeiture actions brought pursuant to section 1595a(c) suggest that the state of mind of the alleged smuggler is irrelevant.

United States v. Aircraft (One (1) Douglas AD-4N Skyraider Aircraft, FAA Registration N-121CH, Serial Number 126956, together with its Log Books), --- F. Supp. 2d ----, 2011 WL 6961401, at *6 (N.D. Ala. Dec. 21, 2011).

The Government thus does not have to establish that Broadening (or its principal or agents) acted knowingly or willfully. It is enough that Hannibal and the Togatus were brought into the United States by means of materially false declarations and invoices. Likewise, Broadening cannot resist summary judgment by pointing to evidence of its good faith or the potential negligence of the importers.

Broadening attempts to distinguish the cases cited by the Government that discuss the terms "smuggling" and "clandestinely." Broadening's arguments are unpersuasive for two reasons. First, Broadening is again attacking a straw man. Some of the cases cited by the Government are criminal cases where the Government failed to prove that the defendant acted with the requisite mental state. In United States v. Claybourn, for example, the District Court found that the defendant did not act knowingly and willfully so it entered a judgment of acquittal. 180 F. Supp. 448 (S.D. Cal. 1980). The Government's failure in that criminal prosecution, however, is irrelevant for the purposes of this Motion. For the reasons previously given, the Government does not have to show in this in rem action that Broadening acted knowingly and willfully.

3

Second, Broadening has not offered a counter-definition of "smuggling" and "clandestinely." Broadening is merely trying to distinguish the cases but it is to no avail. The cases cited by the Government demonstrate that "smuggling" and "clandestinely" refer to the introduction of goods into the United States "surreptitiously and by concealment or fraud."[1] *Claybourn*, 180 F. Supp. at 45; *United States v. Kurfess*, 426 F.2d 1017, 1019 (7th Cir. 1970) ("the phrase 'clandestinely introduces' . . . refer[s] to any method of introducing goods into this country surreptitiously by concealment or fraud"). There is no dispute that Hannibal and the Togatus were imported by means of materially false invoices. Those material falsehoods caused both artworks to pass through Customs more quickly and with less scrutiny. The false statements had the undeniable effect of concealing the true contents of the crates carrying the artworks. Hannibal and the Togatus were thus smuggled and clandestinely introduced into the United States.

---

[1] As set forth, the test is disjunctive, which means that "fraud" is not a necessary element of "smuggling."

4

## CONCLUSION

For the foregoing reasons, the Court should issue an opinion stating that Hannibal and the Togatus were smuggled and clandestinely introduced into the United States.

Dated: New York, New York
      June 15, 2012

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney
                          for the Southern District of New York
                          Attorney for Plaintiff
                          United States of America

By: _/s/ Jason P. Hernandez_
        Jason P. Hernandez
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, New York 10007
        Tel.: (212) 637-1024